**T<small>A</small> L<small>EGAL</small> G<small>ROUP</small> PLLC**
Taimur Alamgir, Esq.
205 E Main Street, STE 3-2
Huntington, NY 11743
(914) 552-2669
tim@talegalgroup.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
OSVALDO CASIMIRO NAVA,

       *Plaintiff*,                                        **Case No.**

       - against –                                  **COMPLAINT**

                                                                   **Jury Trial Demanded**

BOBOVER YESHIVA BNEI ZION INC.
a/k/a RABBINICAL COLLEGE
BOBOVER YESHIVA BNEI ZION,

       *Defendant*.
-------------------------------------------------------------X

Plaintiff, Osvaldo Casimiro Nava ("Plaintiff"), by and through his undersigned counsel, TA Legal Group PLLC, hereby files this Complaint ("Complaint") against Defendant, Bobover Yeshiva Bnei Zion Inc. d/b/a Rabbinical College Bobover Yeshiva Bnei Zion (referred to herein as "Defendant"), and alleges as follows:

## CLAIMS

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201, et seq., that Plaintiff is entitled to recover damages from Defendant based on the following violations: (1) unpaid overtime (2) liquidated damages, and (3) attorney's fees and costs.

1

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL") and Fed. R. Civ. P. 23, that he is entitled to recover damages from Defendants for: (1) unpaid regular and overtime wages, (2) liquidated damages for unlawfully delayed wages pursuant to NYLL § 191, (3) statutory penalties for failing to provide wage notices in compliance with NYLL § 195.1 and (4) statutory penalties for failing to provide wage statements in compliance with NYLL § 195.3,

3. Plaintiff further alleges that he is entitled to attorney's fees and costs and reserves the right to seek additional damages available under applicable law.

## JURISDICTION, VENUE, AND STATUTORY PREREQUISITES

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, as the claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

5. This Court has supplemental jurisdiction over the New York Labor Law ("NYLL") claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. Plaintiff's claims under New York State and New York City law were tolled by the State of New York from March 23, 2020 through November 3, 2020, for 228 days in connection with the state of emergency declared in connection with COVID-19 and Executive Order (A Cuomo) 202.8. and subsequent orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55,

8.202.55.1, 8.202.60, 8.202.67, 8.202.72. *Matter of Echevarria v Board of Elections in the City of NY*, 183 A.D.3d 857, 858, 122 N.Y.S.3d 904 [2d Dept, May 21, 2020]).

8. At all relevant times, Plaintiff was employed by Defendant within the meaning of the NYLL §§ 2 and 651.

9. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and any Regulations thereunder.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

11. This Court has personal jurisdiction over the Defendant as it is domiciled in the State of New York, conducts substantial business within the State, and employs the Plaintiff within this District.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PARTIES

13. Plaintiff Osvaldo Casimiro Nava is an individual residing in Bronx, New York, and is 49 years old.

14. Defendant Rabbinical College Bobover Yeshiva Bnei Zion is a yeshiva organized under the laws of the State of New York, with its campus and principal place of business located at 1577 48th St, Brooklyn, NY 11219.

15. Defendant operates within the Eastern District of New York and employed the Plaintiff during the relevant period. Defendants exercised control over the terms and conditions of Plaintiff's employment.

## STATEMENT OF FACTS

3

16. Plaintiff was employed by the Defendant as a kitchen and cafeteria worker from 2002 – March 28, 2025.

17. Plaintiff's job duties included preparing and serving food, and other related tasks necessary for the operation of the Defendant's food service facilities.

18. Throughout his employment, Plaintiff worked an average of 60 to 80 hours per week, typically on a schedule of six days per week, with each workday lasting approximately 10 to 11 hours.

19. Plaintiff was compensated at a regular rate of $15 per hour for each hour worked.

20. Despite regularly working in excess of 40 hours per week, Plaintiff was never paid the overtime premium of one and one-half times his regular hourly rate for hours worked each week over 40, as required by the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff was instead paid his straight time rate of $15 per hour for all hours worked.

21. Plaintiff, a food service employee, frequently worked shifts exceeding 10 hours in duration, but was not paid the additional hour of compensation at the minimum wage rate due, as mandated by the NYLL's spread of hours rule.

22. Defendant failed to provide Plaintiff with proper wage notices as required under law, in violation of NYLL § 195.1. Plaintiff, a native Spanish speaker with limited English proficiency, never received a wage and hour notice in Spanish as required under the law.

23. Defendant also failed to provide Plaintiff with accurate wage statements with each payment of wages, in violation of NYLL § 195.3. Because Plaintiff is a native Spanish speaker of limited sophistication, the failure to provide him wage statements stating his hours

and wages, and his overtime rate of pay allowed Defendants to cheat him of overtime.

24. Defendant failed to pay Plaintiff the overtime premium for hours worked in excess of 40 hours per week, resulting in unlawfully withheld wages and entitling Plaintiff to liquidated damages.

25. On or about March 28, 2025, Plaintiff was terminated from his employment. Plaintiff's termination was in retaliation for taking lawful absences because he was sick, in violation of NYLL § 215.

26. As a result of Defendant's actions, Plaintiff has suffered significant financial harm, including unpaid wages, unpaid overtime, unpaid spread of hours premiums, and liquidated damages, as well as emotional distress caused by his retaliatory termination.

**Plaintiff Is Entitled To Recover Unpaid Spread of Hours**

27. Under the NYLL spread-of-hours rule, for each shift exceeding 10 hours in duration from start to finish, sub-minimum wage workers such as Plaintiff is entitled to an additional hours' compensation at the minimum wage. Plaintiff worked shifts exceeding 10 hours twice per week on average, but was unlawfully deprived of spread of hours premiums

**Plaintiff Is Entitled To Recover Unpaid Overtime**

28. Throughout Plaintiff's respective employment periods, Plaintiff worked in excess of 40 hours each workweek, but was never paid overtime. There was never any agreement that Plaintiff's compensation was inclusive of overtime premium of one and one-half times the straight hourly rate due under the FLSA and NYLL for all hours in excess of forty (40) worked each workweek.

**Plaintiff Is Entitled To Recover Statutory Penalties for Violations of NYLL 195.1 and**

**NYLL 195.3**

29. Defendant knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff at the beginning of employment and annually thereafter, in violation of the applicable state wage laws.

30. Defendant knowingly and willfully operated their business with a policy of not providing Plaintiff with proper wage statements at all relevant times.

31. In failing to provide proper wage statements and notices, Defendant has failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant's failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendant's conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being properly paid.

32. Here, Defendant's failure goes beyond generating a risk of harm to Plaintiff and actually harmed Plaintiff. Defendant's failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, and commission payments deprived employees of the ability to contest the pay provided by Defendant, allowed Defendant to hide their wrong- doing, and necessitated the current litigation to vindicate Plaintiff 's rights. This conduct ensured Defendant's ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Plaintiff is therefore entitled to

statutory damages.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE FLSA

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. At all relevant times, Plaintiff was a non-exempt employee under the FLSA, 29 U.S.C. § 201, et seq.

35. Defendant failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek, in violation of 29 U.S.C. § 207(a).

36. Defendant's failure to pay overtime wages was willful and not in good faith, entitling Plaintiff to liquidated damages under 29 U.S.C. § 216(b).

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, due to plus an equal amount as liquidated damages.

38. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II – VIOLATION OF THE NYLL – FAILURE TO PAY OVERTIME WAGES.

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. At all relevant times, Plaintiff was a non-exempt employee under the NYLL.22. Defendant failed to pay Plaintiff overtime compensation at a rate of one and one-half times his

regular hourly rate for all hours worked in excess of 40 hours per workweek, in violation of NYLL §§ 650 and 663 and the supporting regulations of the New York State Department of Labor.

41. Defendant's failure to pay overtime wages was willful and not in good faith, entitling Plaintiff to liquidated damages under NYLL § 198(1-a).

42. Plaintiff regularly worked shifts exceeding 10 hours in duration but was not paid an additional hour of compensation at the minimum wage rate, as required by the NYLL and its supporting regulations.

43. Defendant's failure to pay spread of hours premiums was willful and not in good faith, entitling Plaintiff to liquidated damages under NYLL § 198(1-a).

44. Defendant failed to provide Plaintiff with proper wage notices at the time of hiring and annually thereafter, as required by NYLL § 195.1.

45. Defendant's failure to provide wage notices was willful, entitling Plaintiff to statutory damages under NYLL § 198(1-b).

46. Defendant failed to provide Plaintiff with accurate wage statements with each payment of wages, as required by NYLL § 195.3.

47. Defendant's failure to provide wage statements was willful, entitling Plaintiff to statutory damages under NYLL § 198(1-d).

48. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, spread of hours, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

**COUNT III – RETALIATION IN VIOLATION OF NYLL § 215**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

50. On or about March 28, 2025, Defendant terminated Plaintiff's employment in retaliation for taking lawful absences because he was sick, in violation of NYLL § 215.

51. Defendant's retaliatory termination of Plaintiff caused him to suffer economic and emotional harm, entitling him to reinstatement, back pay, front pay, compensatory damages including emotional distress damages, punitive damages,, and liquidated damages under NYLL § 215(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");2. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    b. An award of unpaid overtime wages under the FLSA and NYLL;

    c. An award of unpaid spread of hours premiums under the NYLL;

    d. An award of liquidated damages as a result of Defendant's willful failure to pay wages pursuant to the FLSA and NYLL;

    e. An award of statutory damages for Defendant's failure to provide wage notices as required under NYLL § 195.1;

    f. An award of statutory damages for Defendant's failure to provide wage statements as required under NYLL § 195.3;

    g. An award of liquidated damages for Defendant's failure to pay wages weekly to a manual worker, as required under NYLL § 191(1)(a);

    h. An award of compensatory damages, back pay, front pay, emotional distress damages, penalties, punitive damages, and liquidated damages for Defendant's retaliatory

termination of Plaintiff in violation of NYLL § 215;

    i.    An award of pre-judgment and post-judgment interest as applicable;

    j.    An award of reasonable attorneys' fees, costs, and expenses of this action; and

    k.    Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    Huntington, NY
           April 8, 2025

                                      Respectfully Submitted,
                                      **TA LEGAL GROUP PLLC**
                                      *Attorneys for Plaintiff*

By:    _____
         Taimur Alamgir, Esq.
         205 E Main Street, STE 3-2
         Huntington, NY 11743
         Tel. (914) 552-2669
         tim@talegalgroup.com